**Richard BERGERON, Plaintiff,**

v.

**LEO INNS, INC., t/a Yellow Breeches Motor Inn, Defendant.**

**Civ. A. No. 79–0857.**

United States District Court, M. D. Pennsylvania.

Aug. 25, 1980.

B. Jerome Shane, Shane & Rubin, Philadelphia, Pa., for plaintiff.

Roger T. Shoop, Thomas & Thomas, Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Before the court is plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d) for defendant's failure to:

1. Present Alfred Leo, President of Leo Inns, Inc., at a deposition set for June 16, 1980; and

2. Respond to plaintiff's second set of interrogatories, which were filed on March 26, 1980.

### A. *Deposition of Alfred Leo*

Plaintiff filed a notice of taking of a deposition for Alfred Leo on June 9, 1980, requesting he be present on June 16, 1980. The notice was not received by defendant, however, until June 11, 1980, allowing only two business days to make the appropriate arrangements to be available for deposition. Defendant had no prior notice that a deposition would be had in the near future. The court agrees with defendant that this was rather short notice.

On the other hand, however, plaintiff was facing a July 1, 1980 trial date at that time (the trial has since been rescheduled for the October trial term). Further, once defendant was notified, no communication was made to plaintiff that he would not be available for deposition at the time noticed.

It appearing that both parties are to varying degrees at "fault" for this failure to depose, the harsh sanction of preventing defendant from opposing plaintiff's claim is not warranted. Defendant is directed, however, to pay reasonable attorneys fees for the preparation of the motion for sanctions and accompanying brief concerning the deposition of Alfred Leo. Defendant is further directed to accommodate plaintiff with an opportunity to depose Alfred Leo upon plaintiff giving ten working days notice.

B. *Plaintiff's Second Set of Interrogatories*

Subsequent to the filing of plaintiff's motion for sanctions with respect to plaintiff's second set of interrogatories, defendant filed its answers to said interrogatories. The court takes notice, however, that plaintiff filed these interrogatories on March 26, 1980 and defendant did not file an objection or answer thereto until July 14, 1980, nor did defendant request an extension of time to respond. Pursuant to Rule 33(a) of Federal Rules of Civil Procedure, defendant was required to take one of these actions within thirty (30) days of receipt of the interrogatories. Defendant merely states that plaintiff was aware of the expert witnesses defendant anticipates using (which was the subject of the second set of interrogatories) and that plaintiff will not be prejudiced in any way now that the trial date has been rescheduled.

Defendant's options were to file an answer or objection within the appropriate time limit or request an extension. Having done neither, defendant should not now be heard to complain about plaintiff's request for sanctions. Plaintiff's request that defendant be precluded from using expert witness testimony, however, appears too severe since plaintiff knew, informally at least, who defendant's expert witnesses would be; plaintiff, therefore, cannot be greatly prejudiced by defendant's inaction. Defendant is directed to pay all reasonable costs caused by the delay in answering plaintiff's second set of interrogatories, including, but not limited to, attorneys fees for filing of the appropriate motions and briefs and other actions taken by plaintiff's counsel to obtain answers to the interrogatories.