**Anita BRAY, Plaintiff,**

v.

**MEMPHIS STATE UNIVERSITY, Defendant.**

**No. C-78-2357.**

United States District Court, W. D. Tennessee, W. D.

Nov. 19, 1980.

Phillip E. Kuhn, Memphis, Tenn., for plaintiff.

Robert B. Littleton, Sp. Deputy Atty. Gen., Nashville, Tenn., for defendant.

## ORDER ASSESSING COSTS AND CONTINUING TRIAL DATE

HORTON, District Judge.

The plaintiff in this cause was properly served with notice to be deposed by the attorney for the defendant on October 8, 1980 at 1:00 PM in the offices of her counsel. On October 7, 1980, counsel for defendant contacted counsel for plaintiff to confirm the arrangements and was told that plaintiff had expressed reluctance to attend. The two attorneys agreed that defense counsel should contact plaintiff's counsel prior to boarding his airplane for the flight to Memphis on the eighth. Defense counsel contacted plaintiff's counsel at 9:00 AM on the morning of October 8, 1980 and plaintiff's counsel conveyed that his latest information was that plaintiff was going to attend. In reliance upon that information, defense counsel flew to Mem-

phis and had a court reporter appear at the offices of counsel for plaintiff. When defense counsel arrived at the office of plaintiff's counsel, he was informed that plaintiff had contacted counsel after the conversation at 9:00 AM and advised him that she was terminating his services and would not give her deposition. Plaintiff did appear at 1:00 PM on the eighth and stated she was terminating her attorney's services, did not feel well, and did not wish to be deposed. Another date for the deposition was scheduled and plaintiff was advised to employ new counsel and inform defense counsel when she did so. Since plaintiff has not yet obtained new counsel and the cause is set for trial on November 19, 1980 and discovery is not complete, counsel for defendant has moved this court to assess travel costs and the cost of a court reporter which were incurred by plaintiff's failure to be deposed on October 8, 1980 and has moved to continue the trial date. The court grants both motions.

Fed.R.Civ.P. 37(d) provides for sanctions for a party's failure, inter alia, "to appear before the officer who is to take his deposition, after being served with a proper notice." The rule also provides that in lieu of or in addition to the stricter sanctions embodied in Rule 37, "the court shall require the party failing to act or the attorney *advising him or both to pay the reasonable* expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Although plaintiff did appear at the designated time, she refused to be deposed. It has been held that a refusal to take the oath and be deposed and mere physical presence at the deposition

site do not constitute an appearance under Rule 37(d) and thus sanctions under the rule may be imposed. *Bourne, Inc. v. Romero,* 23 F.R.D. 292, 296–97 (E.D.La.1959). Plaintiff was given ample opportunity to postpone the deposition by counsel for defendant and did not avail herself of such an opportunity. Defense counsel has attached to his motion the bills for the services of the court reporter, the travel cost to and from the Nashville and Memphis airports and the receipt for the round trip airplane ticket between Nashville and Memphis. Counsel for defendant has not requested attorney's fees incident to the deposition, although the rule allows such a claim. The court finds that costs of $201.00, incident to the deposition scheduled on October 8, 1980, are reasonable and justice requires that plaintiff pay such costs to counsel for defendant.

Due to the fact discovery has not been completed, the court continues the trial date of November 19, 1980 and orders that if the plaintiff does not procure a new attorney within thirty days of the entry of this order and notify the court and defense counsel of the name of her attorney within such time, the court on its own motion will dismiss the cause.

It is therefore, by the court

ORDERED that the plaintiff, Anita Bray, is to pay to counsel for defendant, the costs of $201.00 incurred due to her failure to be deposed on October 8, 1980 and that the clerk is to reset the cause on the court's calendar with the caveat that if plaintiff does not procure counsel and notify the court of same within thirty days of the entry of this order, the court on its own motion will dismiss the cause.