**In re PROPER YACHT SPECIALISTS, INC., Debtor.**

**PROPER YACHT SPECIALISTS, INC., Plaintiff,**

**v.**

**Charles W. WELLINGTON and Wellington Boats, Inc., Defendants.**

**Bankruptcy No. 83–04493A.**
**Adv. No. 83–2129A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 10, 1984.

Jesse A. Sasser, Jr., Peterson, Young, Self & Asselin, Atlanta, Ga., for plaintiff.

C. Harris Dittmar, Bedell, Dittmar, De-Vault, Pillans & Gentry, Jacksonville, Fla., for defendants.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On January 30, 1984, the plaintiff, Proper Yacht Specialists, Inc. ("Proper Yacht"), filed a "Motion for Entry of Default Judgment and in the Alternative for an Order Compelling Defendants to Produce Documents" (hereinafter referred to as the "First Motion to Compel"). On February 14, 1984, Proper Yacht filed a "Motion for Order to Compel Discovery and Entry of Sanctions" (hereinafter referred to as the "Second Motion to Compel"). A hearing on both Motions to Compel was held on March 7, 1984, following which these matters were taken under advisement.

The First Motion to Compel arises from the failure of the defendants, Charles W. Wellington and Wellington Boats, Inc. (collectively referred to as the "Defendants"), to respond to Proper Yacht's first request for production of documents, which was served upon the Defendants along with the Summons and Complaint on November 22, 1983. Pursuant to Federal Rule of Civil Procedure 34, applicable to this adversary proceeding by Bankruptcy Rule 7034, a response by the Defendants was to have been served upon Proper Yacht on or before January 6, 1984. Inasmuch as no response had been filed at the time Proper Yacht brought Second Motion to Compel, Proper Yacht renewed its demand for a response in the Second Motion to Compel.

At the March 7, 1984 hearing, the Court orally declined to grant Proper Yacht judgment by default under Federal Rule of Civil Procedure 37(b)(2)(C), applicable to this adversary proceeding by Bankruptcy Rule 7037, for the Defendants' failure to file a response to Proper Yacht's first request for production of documents. The Defendants agreed to file a response, and the record reflects that a response was in fact filed on March 21, 1984. The response indicates a willingness on the part of the Defendants to produce the requested documents at a mutually convenient time and place. Accordingly, the only question remaining with respect to the First Motion to Compel is whether the Court will impose any monetary sanctions upon the Defendants for failing to respond to Proper Yacht's first request for production of documents within the forty-five (45) day time frame set forth in Federal Rule of Civil Procedure 34.

Proper Yacht's Second Motion to Compel arises primarily from an aborted deposition of Charles W. Wellington and Marjorie Wellington in Jacksonville, Florida on February 9, 1984, as duly noticed by Proper Yacht on January 19, 1984.[1] When the parties arrived at the scheduled location for said deposition, counsel for the deponents refused to permit the deposition to be conducted by William W. Waite, Esquire, who is an attorney and counsel of record for Proper Yacht in this adversary proceeding, and who is also a former officer of Proper Yacht and a principal witness in this adversary proceeding. Accordingly, the questions presented by Proper Yacht's Second Motion to Compel are: (1) What monetary sanctions, if any, shall be imposed against the Defendants as a result of the aborted deposition?; and (2) May Mr. Waite continue to represent Proper Yacht in the pre-trial phase of this adversary proceeding in general and specifically in regard to the deposition of Mr. and Mrs. Wellington?

In a statement filed by counsel for Proper Yacht in accordance with Local Rule 91.62 of the District Court for the Northern District of Georgia, applicable to this adversary proceeding by Local Bankruptcy Rule A-7, the Defendants' position had apparently been to abstain from filing a re-

---

**1.** The notice set February 8, 1984 as the date for the deposition, but the date was changed to February 9, 1984 upon agreement.

sponse to the first request for production of documents until the Defendants had filed motions objecting to jurisdiction and venue and the Court had entered rulings thereon. However, the Defendants' position is contrary to the letter and spirit of the Federal Rules of Civil Procedure as they relate to discovery. Federal Rule of Civil Procedure 34(b) does not qualify the obligation of the party upon whom the request for production of documents has been served to file a response. Furthermore, Federal Rule of Civil Procedure 37(d) expressly provides that the failure to serve a written response as required by Federal Rule of Civil Procedure 34 shall, upon motion by the discovering party, subject the dilatory party to liability for sanctions "as are just", including the sanctions enumerated in subsections (b)(2)(A), (B) and (C). Federal Rule of Civil Procedure 34(d) further states that:

In lieu of any order or an addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that the circumstances make an award of expenses unjust.

▓ An award of the expenses of bringing the First and Second Motions to Compel is warranted in this case. Federal Rule of Civil Procedure 26(c) affords the opportunity for a party opposing discovery to obtain a protective order from the Court. Rather than seek the protection of Federal Rule of Civil Procedure 26(c), the Defendants simply withheld their response, thereby forcing Proper Yacht to prosecute its two Motions to Compel. Because Proper Yacht was not seriously prejudiced by the untimely filing of the response, a more severe sanction is not required.

The sanction imposed under Federal Rule of Civil Procedure 37 is a matter of discretion for the trial court. *Bollow v. Federal Reserve Bank of San Francisco*, 32 F.R. Serv.2d 1369, 650 F.2d 1093 (9th Cir.1981), cert. den., 455 U.S. 948, 102 S.Ct. 1449, 71

L.Ed.2d 662 (1982). In a situation analogous to the instant case, the District Court in *J.M. Cleminshaw Co. v. City of Norwich*, 33 F.R.Serv.2d 554, 93 F.R.D. 338 (D.Conn.1981), held that a severe sanction, such as a default judgment, was not proper where the defendant waited eighteen months before filing answers to interrogatories and a response to a request for production of documents. Lesser sanctions were, however, held to be appropriate. In the instant case, assessing attorney's fees against the Defendants will serve to deter future dilatory conduct.

▓ The aborted deposition has also produced expenses for Proper Yacht, which shall be redressed. To reiterate, when the parties and deponents arrived in Jacksonville, Florida on February 9, 1984 for the scheduled deposition, counsel for the Defendants refused to go through with the deposition if it was to be conducted by Mr. Waite. The mere physical presence of the deponents at the time and place for the noticed deposition does not constitute an appearance under Federal Rule of Civil Procedure 37(d) where the deponent refuses to be deposed. *Bray v. Memphis State University*, 31 F.R.Serv.2d 455, 88 F.R.D. 90 (W.D.Tenn.1980). In *Bray v. Memphis State University, supra*, the Court allowed out-of-pocket costs to be recovered where such a circumstance occurred. In the case *sub judice*, the Court finds that counsel for the Defendants reasonably relied on an interpretation of the Code of Professional Responsibility in deciding to discontinue the deposition. Therefore, the Court gives the Defendants the choice of either paying the reasonable attorney's fees and expenses incurred by counsel for Proper Yacht to attend the February 9, 1984 deposition or rescheduling the deposition at a location favorable to counsel for Proper Yacht, i.e., Atlanta, Georgia.

Counsel for the Defendants take exception to Mr. Waite's conducting a deposition of the Wellingtons, given the near certainty that, should the case go to trial, Mr. Waite will be called as a witness on behalf of Proper Yacht. The parties agree that Dis-

ciplinary Rule 5–102 of the Code of Professional Responsibility (hereinafter referred to as the "Code") governs when an attorney should withdraw from a case after learning that he will become a witness at the trial. The Court notes that the Code of Professional Responsibility was supplanted by the Model Rules of Professional Conduct (hereinafter referred to as the "Model Rules"), adopted by the House of Delegates of the American Bar Association on August 2, 1983. Under the Model Rules, Rule 3.7 is the parallel to Disciplinary Rule 5–102.

Neither the Code nor the Model Rules specifically prohibit an attorney from conducting pre-trial activities in his professional capacity after learning that he shall become a witness at a resultant trial. Several factors militate in favor of permitting Mr. Waite to remain as counsel of record for Proper Yacht and to undertake all activity pursuant to that role as he desires: (1) Mr. Waite is able to perform services for Proper Yacht more cheaply than can outside counsel; (2) Mr. Waite is not being compensated for his services as an administrative expense of the bankruptcy estate; and (3) Mr. Waite has acknowledged his duty to cease performing legal services for Proper Yacht in this adversary proceeding once the trial begins.

In accordance with the foregoing:

(1) The Defendants shall compensate Proper Yacht for reasonable attorney's fees and expenses incurred to research and prepare both Motions to Compel, to prepare for the March 7, 1984 hearing, and to appear at said hearing;

(2) The Defendants shall, at their election, compensate Proper Yacht for reasonable attorney's fees and expenses incurred in furtherance of conducting the February 9, 1984 deposition of the Wellingtons or reschedule said deposition at the location most convenient to counsel for Proper Yacht; and

(3) Mr. Waite shall be permitted to continue as counsel of record for Proper Yacht as set forth hereinabove.

IT IS SO ORDERED.