Barry G. LEW, M.D.,
Plaintiff-Appellant,

v.

KONA HOSPITAL, et al.,
Defendants-Appellees.

No. 83–2671.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1984.

Decided March 4, 1985.

As Amended May 13, 1985.

Gerald J. Garner, Garner, Kreinces, Lichtenstein, Schindel & Ginsburg, Fullerton, Cal., Craig S. Cornell, Kailua, Hawaii, for plaintiff-appellant.

Gary N. Hagerman, Kailua, Hawaii, for Kona Hosp. & Dept. of Health, Charles Clark, Jennie Wung & Abelina Shaw.

Dennis E.W. O'Connor, Dean T. Nagamine, Honolulu, Hawaii, for Gramlich, Grant, Peebles & Spielman.

Before WRIGHT, PREGERSON, and POOLE, Circuit Judges.

PREGERSON, Circuit Judge.

Appellant Barry G. Lew, M.D., appeals a decision of the district court granting sum-

mary judgment to defendants on his claim of civil rights violations, unfair trade practices, and defamation. In addition, Dr. Lew challenges the district court's order that he pay costs and attorneys' fees incurred by defendants in connection with his deposition at which he failed to appear. We affirm the district court's grant of summary judgment and its award of costs and attorneys' fees.

## FACTS AND PROCEDURE

Dr. Lew was granted probationary staff privileges in obstetrics and gynecology at Kona State Hospital on April 20, 1982. On November 24, 1982, the hospital's Executive Committee reviewed Dr. Lew's performance and recommended that his staff privileges be terminated. The hospital administrator told Dr. Lew of the charges against him and advised him of his right to a hearing before an Ad Hoc Committee before his privileges would be terminated. Dr. Lew was also advised of his right to call witnesses at the hearing.

In February 1983, Dr. Lew filed a complaint in United States district court against the hospital and various doctors and administrators. The complaint alleged violations of federal due process and state law claims of unfair and deceptive trade practices and defamation. On February 23, 1983, two days before the day set for the hearing, Dr. Lew filed an ex parte motion for a restraining order and order to show cause why a preliminary injunction should not issue restraining the Ad Hoc Committee from denying him the right to counsel, the right to pre-hearing discovery and time to present witnesses, and the right to an impartial hearing committee. The district court granted a temporary restraining order and postponed the hearing for a period of ten days. On March 10, 1983, after the filing of Dr. Lew's amended complaint, the parties entered into a Consent Order. The order contained several

agreements regarding the hearing, including: the composition of the hearing panel, the length of time (1½ days) each side was to have to present its case, the right to be represented by counsel,[1] the right to call and cross-examine witnesses, and the presence of a court reporter. The order also stipulated that Dr. Lew was to receive notice of the charges against him and of the facts supporting the charges by March 18, 1983.

The hearing took place on March 31, April 1, and April 2, 1983. On June 2, the panel unanimously decided that there was substantial evidence to support the Executive Committee's recommendation that Dr. Lew's hospital privileges be revoked. The panel found that Dr. Lew's application for privileges contained false statements, that Dr. Lew failed to demonstrate professional competence, that his behavior was disruptive, and that he was unable to work with others.

Dr. Lew requested and was granted appellate review of the Committee's decision. The hearing was held on July 19, 1983, before a panel of three members appointed by the state Director of Health, but neither Dr. Lew nor his attorney was present. The three member appellate panel voted unanimously to uphold the decision of the Ad Hoc Committee. And on July 29, 1983, the hospital revoked Dr. Lew's privileges. Following this final action by the hospital, defendants filed a motion for summary judgment. The district court granted the motion on November 7, 1983.

Defendants also filed a Motion to Dismiss for Dr. Lew's failure to appear for his deposition on October 7, 1983. Dr. Lew filed an opposition, claiming that he was unable to attend his deposition because of economic difficulties and because of the withdrawal of local counsel. At a hearing on October 31, 1983, the district judge denied the motion to dismiss, but ordered that

---

1. On March 31, 1983, defendant Frederick C. MacInnes filed a motion to dismiss, for summary judgment, and for a more definite statement in which the other defendants joined. At the hearing on the motion, and in view of the Consent Order, the district court dismissed Count II of the Amended Complaint which alleged that denial of the right to counsel before the Ad Hoc Committee deprived plaintiff of due process.

Dr. Lew pay the attorneys' fees and costs that defendants incurred in connection with the scheduled deposition. Dr. Lew filed timely appeals from both actions of the district court.

We consider both of these issues in turn.

## I. Summary Judgment

### A. Standard of Review

■■ A district court's grant of a motion for summary judgment is reviewed by this court de novo. *Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1313 (9th Cir.1984). We apply the same standard as applied by the district court under Federal Rule of Civil Procedure 56(c) and will affirm only if the record, read in the light most favorable to the non-moving party, establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1328–29 (9th Cir.1983).

### B. Merits

The parties devote much of their argument to the sufficiency of the papers submitted by Dr. Lew in opposition to defendants' motion for summary judgment. The defendants attached affidavits and extensive exhibits to their motion. Appellant merely relied upon the allegations in his verified complaint and attached excerpts of the transcript of the proceedings before the Ad Hoc Committee. Fed.R.Civ.P. 56(e) sets out the burden on the party opposing a summary judgment motion:

> (e) **Form of Affidavits; Further Testimony; Defense Required.** ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See Coca-Cola Co. v. Overland, Inc.,* 692 F.2d 1250, 1254 (9th Cir.1982); *Securities & Exch. Comm'n v. Murphy,* 626 F.2d 633, 640 (9th Cir.1980).

■■ A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify. *Runnels v. Rosendale,* 499 F.2d 733, 734 n. 1 (9th Cir.1974). In addition, a party opposing summary judgment need not file *any* countervailing affidavits or other materials where the movant's papers are insufficient on their face to demonstrate the lack of any material issue of fact. *Sheet Metal Workers' Int'l Ass'n Local No. 355 v. N.L.R.B.,* 716 F.2d 1249, 1254 (9th Cir.1983); *Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 967 (9th Cir. 1981). Finally, as a general principle we treat the opposing party's papers more indulgently than the moving party's papers. *Doff v. Brunswick Corp.,* 372 F.2d 801, 804 (9th Cir.1966) (referring to the "rule of liberal construction of a counter affiant's papers"), *cert. denied,* 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71 (1967). *See generally* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738 at 484 (1983).

■■ Applying those standards to the facts here, Dr. Lew failed to meet his burden of establishing the existence of a genuine issue of fact. In opposing summary judgment Dr. Lew relied on: his verified complaint and first amended complaint (unverified), excerpts from the record of the Ad Hoc Committee's hearing, his answer to the defendants' first motion for summary judgment,[2] and his opening and closing arguments before the Ad Hoc Committee. There are various problems with each of these documents. The first amended complaint was unverified and is thus insufficient to counter a summary judgment motion supported by affidavits. *See* Fed.R. Civ.P. 56(e). The original complaint, although verified, was drafted before the Ad Hoc Committee hearing had taken place.

---

**2.** *See supra* note 1.

Therefore, as to the counts in the original complaint that allege a denial of due process at the hearing, the complaint cannot be considered because it does not deal with the hearing that actually took place. In addition, the allegations of plaintiff's original complaint are primarily statements of legal conclusions rather than of facts relevant to the summary judgment motion. The same deficiencies exist as to plaintiff's declaration in opposition to defendants' earlier motion for summary judgment.

### 1. Federal Issues

■ Apart from the deficiencies in Dr. Lew's opposition papers, however, the record as a whole supports the conclusion that the defendants were entitled to summary judgment. Count II of Dr. Lew's amended complaint, relating to the right to counsel, was dismissed by the court because the Consent Order afforded Dr. Lew the right to counsel. The remaining due process claims, Counts III and IV, have in effect been disposed of since the hearing. Count III alleges the right to an impartial hearing committee, but in the Consent Order plaintiff and defendants agreed to the composition of an impartial hearing panel. Absent fraud, duress or overreaching, Dr. Lew cannot now complain that the makeup of the panel was unfair. Similarly, Count IV alleges the right to adequate time to present a case before the hearing panel. Plaintiff and defendants agreed to one and one-half days for each party, and plaintiff used the time given to him.[3]

■ The only remaining due process claims are Counts V and VI, in which plaintiff alleged discriminatory treatment and violations of due process in the decision to terminate his staff privileges. To evaluate Dr. Lew's claim, we apply the two step analysis adopted in *Stretten v. Wadsworth Veteran's Hospital*, 537 F.2d 361, 365 (9th Cir.1976) (citing *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). We must determine: (1) whether the interest plaintiff asserts rises to the level of a property interest, and if so, (2) whether, in light of the competing interests of the individual and the state, the procedures afforded plaintiff before termination satisfied due process. *See also Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Under the first

prong of the analysis, the relevant inquiry is whether the plaintiff has an entitlement to the property interest created by an independent source such as state law. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709; *Loehr*, 743 F.2d at 1314. Dr. Lew has such a property right. The state of Hawaii has recognized a licensed doctor's property right in employment as a probationary hospital staff member. *Silver v. Castle Memorial Hospital*, 53 Hawaii 475, 497 P.2d 564, *cert. denied*, 409 U.S. 1048, 93 S.Ct. 517, 34 L.Ed.2d 500 (1972).

Second, we must determine whether Dr. Lew received an adequate procedural hearing before his property interest was terminated. "[W]hen a State seeks to terminate [a protected] interest ..., it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." *Roth*, 408 U.S. at 570 n. 7, 92 S.Ct. at 2705 n. 7 (quoting *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971)). In this case we balance Dr. Lew's interests in pursuing his profession and in maintaining his income and his professional reputation against the hospital's interests in maintaining the quality of its services and in being able to deal quickly and inexpensively with personnel matters. *Stretten*, 537 F.2d at 368; *Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173, 176–77 (5th Cir.1971); *Silver*, 497 P.2d at 571.

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews*, 424 U.S. at 333. It is clear that Dr. Lew received adequate procedural safeguards before his property interest was terminated. He received notice and a written statement of the charges against him. He was represented by counsel at the hearing and was given the right to call and cross-examine witnesses. The hearing was held before a panel of "fair minded" doctors. *Klinge v. Lutheran Charities Association of St. Louis*, 523 F.2d 56, 63 (8th Cir.1975). Finally, the Committee's decision was carefully written and contained substantial evidence on which to base its conclusion that Dr. Lew's termination was justified.

Although the administrative hearing did not comport with all the requirements of a

---

**3.** In fact, Dr. Lew's counsel rested his case at 2:40 p.m., a full hour and twenty minutes before the time stipulated for the defense had expired.

formal judicial proceeding including pre-trial discovery and strict application of the rules of evidence, Dr. Lew was afforded a full adversary hearing. *Cf. Orloff v. Cleland*, 708 F.2d 372, 379 (9th Cir.1983) (due process does not always require full adversary hearing); *Stretten*, 537 F.2d at 369 (same); *Silver*, 497 P.2d at 571 (hearing need not include all aspects of formal judicial or quasi judicial hearing). Dr. Lew received more than the minimum requirements of due process.[4] Indeed, he himself stipulated to many of the procedures that the Ad Hoc Committee followed. On the basis of the facts before us we cannot conclude that Dr. Lew was denied due process.

The scope of judicial review of the hospital's administrative hearing is limited. *Silver* noted that "[t]he better rule provides that such review be available as to whether the doctor excluded was afforded procedural due process, and as to whether an abuse of discretion by the hospital board occurred, resulting in an arbitrary, capricious or unreasonable exclusion." 497 P.2d at 568 (footnote omitted). Cases from other circuits are in agreement. *See Truly v. Madison General Hospital*, 673 F.2d 763, 764–65 (5th Cir.), *cert. denied*, 459 U.S. 909, 103 S.Ct. 214, 74 L.Ed.2d 170 (1982); *Klinge*, 523 F.2d at 60. Dr. Lew essentially requests court review of the merits of the Committee's decision. Because that is not the function of this court in reviewing a hospital's administrative decision, and because the plaintiff does not present facts on which to base a conclusion that the panel's decision was arbitrary or capricious, the defendants are entitled to summary judgment on this issue.

### 2. State Issues

■ Private suit under the Hawaiian unfair trade practices statute requires proof of four elements: (1) a violation of the statute; (2) injury to business or property; (3) damages; and (4) proof that the action is in the public interest or that defendant is a merchant. *Ai v. Frank Huff Agency, Ltd.*, 61 Hawaii 607, 617, 607 P.2d 1304, 1311 (1980); Hawaii Rev.Stat. § 480–13 (1976 & Supp.1983). Dr. Lew alleged insufficient facts to establish the first or fourth requirements.

■ Dr. Lew has not pointed to any acts sufficient to violate the statute. Nor is Kona Hospital a merchant for purposes of this act. *See Ailetcher v. Beneficial Finance Co.*, 2 Hawaii App. 301, 632 P.2d 1071, 1076 (1981) (loan company not a merchant for purposes of § 480–13). Any public interest flows in favor of the hospital which must maintain professional standards. *See Silver*, 497 P.2d at 567; *Marrese v. Interqual, Inc.*, 748 F.2d 373, 393–94 (7th Cir.1984).

■ Dr. Lew alleges four categories of defamatory statements:

(1) he is unfit and incompetent to practice medicine in his area of expertise;

(2) he is unable to obtain medical malpractice insurance;

(3) he has several malpractice actions pending against him; and

(4) he was uncooperative, threatening, disruptive, malicious, and vindictive at the hospital.

Defendants argue that the statements are true and form the basis for the denial of Dr. Lew's privileges.

Without reaching the issue of truth, this court can affirm the summary judgment. *See Silver*, 497 P.2d at 565 (dismissal for failure to state a claim of defamation affirmed). Even if sufficient facts were alleged, peer review is a complete defense to an action for defamation. *See* Hawaii Rev. Stat. § 663–1.7(b) (1976). All of the statements were made by the defendants while reviewing Dr. Lew's qualifications and determining staff privileges.

No material questions of fact remain on the issues of unfair and deceptive trade practices or defamation and defendants are entitled to prevail as a matter of law.

### II. *Imposition of Sanctions*

#### A. *Standard of Review*

■ The district court has great latitude in imposing sanctions under Fed.R. Civ.P. 37. We review the imposition of sanctions for failure to comply with dis-

---

**4.** In fact Dr. Lew did not fully pursue the due process remedies available to him. He did not attend the appellate review panel's hearing, although he had originally requested appellate review, because of the assertedly "shameful manner in which the Ad Hoc Committee hearing was held."

covery orders under an abuse of discretion standard. *Rainbow Pioneer No. 44–18–04A v. Hawaii-Nevada Investment Corp.*, 711 F.2d 902, 905 (9th Cir.1983); *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir.1982).

### B. *Merits*

■ Rule 37(d) allows the district court to impose sanctions, including payment of expenses, on a party who fails to appear for his own deposition after receiving proper notice.[5] Pursuant to his authority under the rule, the district judge ordered Dr. Lew to pay $1,203.55 in costs and attorneys' fees for failure to appear at his deposition on Friday, October 7, 1983. Dr. Lew admits that the deposition was properly noticed, but argues that his failure to appear was "substantially justified" under the rule because he was not represented by local counsel at the time and his appearance at the deposition would therefore have been "futile."

The district judge was plainly acting within his discretion in ordering the payment of attorneys' fees and costs. The Advisory Committee Notes to Rule 37(d) themselves indicate that the failure to appear need not be willful. Rather, the Notes emphasize the discretion of the trial judge in deciding which sanctions to impose:

In addition, in view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d). If default is caused by counsel's ignorance of Federal practice, or by his preoccupation with another aspect of the case, dismissal of the action and default judgment are not justified, but the imposition of expenses and fees may well be.

(Citations omitted.) *See also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir.1978) (even negligent failure to allow reasonable discovery may be punished). This circuit has upheld a sanction as severe as dismissal for failure to comply with discovery orders. *See, e.g., Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981) (dismissal for failure to answer interrogatories); *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir.1964) (dismissal for willful failure to attend deposition), *cert. denied*, 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965); *Fong v. United States*, 300 F.2d 400, 409 (9th Cir.) (entry of default judgment for failure to resume depositions), *cert. denied*, 370 U.S. 938, 82 S.Ct. 1584, 8 L.Ed.2d 807 (1962). *See also Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir.1979) (dismissal for failure to attend deposition).

Other courts have specifically approved the award of attorneys' fees and costs to a party when the other party fails to appear for its own deposition. *See Weigel v. Shapiro*, 608 F.2d 268, 272 (7th Cir.1979) (failure to answer any questions at deposition treated as failure to appear and expenses awarded accordingly); *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518 (D.Md.1984) (plaintiff's financial indigency did not excuse her from liability for costs and fees for failure to attend properly noticed deposition); *Bray v. Memphis State University*, 88 F.R.D. 90, 91 (W.D.Tenn. 1980) (plaintiff ordered to pay opposing counsel's travel costs and court reporter's fees for failure to attend her deposition); *Bergeron v. Leo Inns, Inc.*, 87 F.R.D. 486, 486–87 (M.D.Pa.1980) (although plaintiff also at fault for providing inadequate notice of deposition, defendant ordered to pay plaintiff's fees for failure to appear).

Dr. Lew's failure to attend his deposition could be characterized as "willful." Although he and his attorney received proper notice of the deposition, they concluded that appearance would be futile because Dr. Lew was not then represented by local counsel. After reaching this conclusion, however, neither Dr. Lew nor his attorney notified opposing counsel of their decision not to attend. In light of this "willful failure," the sanction the district court imposed was a light one.

---

**5.** Rule 37(d) provides:

**(d) Failure of Party to Attend at Own Deposition or serve Answers to Interrogatories or Respond to Request for Inspection.** If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice ... [in] lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

■ Even if Dr. Lew's failure to attend was not willful, however, the sanctions the district court imposed were within the permissible range. Even a negligent failure to allow reasonable discovery may be punished. *Marquis*, 577 F.2d at 642 (9th Cir. 1978). The court considered defendant's claim for expenses, disallowed some of the fees, and allowed others. We uphold the reasonable expenses the district judge imposed because they were within his discretion under Rule 37(d).

AFFIRMED.