91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor DIZON, M.D., Plaintiff-Appellant,
v.
HAWAII PERMANENTE MEDICAL GROUP, INC.; Kaiser Foundation
Hospital/Permanente Medical Group; Kaiser
Foundation Health Plan, Inc.,
Defendants-Appellees.
 No. 95-15284.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided July 10, 1996.
 
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Dizon appeals the district court's grant of summary judgment in favor of defendants Hawaii Permanente Medical Group ("HPMG"), Kaiser Foundation Hospital ("KFH") and Kaiser Foundation Health Plan ("KFHP"). Dizon alleges that the defendants violated corporate by-laws, his constitutional right to due process, and an implied employment contract when HPMG permanently suspended him from practicing at its Koolau clinic. Dizon subsequently retired. Because the parties are familiar with the factual and procedural background of this case, we do not repeat them here. We affirm.
 
 
 3
 Dizon asserts that HPMG terminated him in violation of HPMG By-Laws. The By-Laws provide that the removal of a shareholder as an employee requires the affirmative vote of two-thirds of the Class A shareholders or the unanimous vote of the Board of Directors. Neither vote was held prior to Dizon's resignation, which followed his suspension. Dizon's claim raises two issues: 1) whether Dizon was terminated at all (rather than merely suspended), and 2) whether HPMG violated its own By-Laws, assuming that Dizon was terminated.
 
 
 4
 Clearly, Dizon was not actually terminated. However, Dizon argues that he was constructively terminated. In support of his argument, he points to a letter that was sent to his patients soon after his suspension and prior to his retirement informing them that Dizon would not be returning to the clinic. An employee is constructively terminated when an employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Spence v. Maryland Casualty Co., 995 F.2d 1147, 1156 (2d Cir.1993). We are troubled by the letter that HPMG sent to Dizon's patients. However, we do not reach the issue of whether Dizon was constructively terminated because we find that HPMG By-Laws were not violated. The clinic continued to pay Dizon while it attempted to take a vote, but its efforts were thwarted by Dizon's own resignation. Thus, even if Dizon was constructively terminated, his termination does not raise a genuine issue of material fact with respect to his claim that HPMG terminated him in violation of HPMG By-Laws.
 
 
 5
 As to Dizon's due process claim, Silver v. Castle Memorial Hospital, 497 P.2d 564 (Haw.), cert. denied, 409 U.S. 1048 (1972), does not aid Dizon because it deals with the due process rights of physicians practicing at public or "quasi-public" hospitals. See also Lew v. Kona Hospital, 754 F.2d 1420, 1424 (9th Cir.1985). Dizon has presented no evidence that HPMG is, in and of itself, a public or "quasi-public" entity. Moreover, his assertion that HPMG benefits from its contractual relationship with KFH and KFHP does not raise a material issue of fact with respect to this issue. Even assuming that KFH or KFHP are public or "quasi-public" entities, it is far too expansive a view of state action to say that anyone who contracts with the government or benefits from a contractual relationship with the government itself becomes a public or "quasi-public" entity. See San Francisco Arts & Athletics v. United States Olympic Committee, 483 U.S. 522, 542-47 (1987); see also Rendall-Baker v. Kohn, 457 U.S. 830, 840-43 (1982). Further, the contract between KFHP and HPMG specifies that the parties remain independent and the relations are purely contractual. Thus, his due process claim also fails.
 
 
 6
 Finally, we reject Dizon's argument that the defendants breached an implied contract of employment arising from the KFH Professional Staff By-Laws. Even if the Professional Staff By-Laws did give rise to an implied contract between the defendants and Dizon, these by-laws by their plain terms only guarantee certain procedural rights when a change is made in a physician's hospital privileges. Here, the district court properly found that there was no genuine issue of material fact because Dizon did not demonstrate that his hospital privileges were affected in any way by his suspension from the Koolau clinic.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3