**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC, a Texas corporation,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>TAPCO CREDIT UNION,<br><br>   Defendant - Appellee. | No. 12-35307<br><br>D.C. No. 3:10-cv-05946-BHS<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC, a Texas corporation,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>TAPCO CREDIT UNION,<br><br>   Defendant - Appellant. | No. 12-35325<br><br>D.C. No. 3:10-cv-05946-BHS |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 12, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

John M. Floyd & Associates, Inc. ("JMFA") appeals the district court's grant of summary judgment in favor of TAPCO Credit Union ("TAPCO"). JMFA specializes in an overdraft protection software that allows financial institutions to generate additional non-interest revenue, for which JMFA is paid a commission. JMFA contracted with TAPCO to install JMFA's Overdraft Privilege Program in TAPCO. Alleging that TAPCO failed to pay under the contract, JMFA brought four claims against TAPCO: (1) breach of contract, (2) accounting, (3) unjust enrichment, and (4) breach of the duty of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We review de novo the district court's order granting summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). In opposing summary judgment, JMFA failed to present evidence cognizable under Federal Rule of Civil Procedure 56(c)(4) that TAPCO implemented or continued to use JMFA's services, products, or recommendations after the contract terminated on December 31, 2007. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). JMFA may not rely on the unverified allegations in its complaint to defeat

2

summary judgment. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Floyd declaration, upon which plaintiff largely relies to establish a genuine issue of material fact, sets out mere speculation for the critical facts, without a showing of foundation in personal knowledge, for the facts claimed to be at issue. As did the district court, we reject the statements submitted by JMFA as unsubstantiated. *See Schowengerdt v. United States*, 944 F.2d 483, 489 (9th Cir. 1991).

JMFA further asserts that, based on TAPCO's federal and state financial filings, Floyd believes that "TAPCO has generated more than $1,000,000 in additional non-interest income or revenue from its use of [JMFA's] recommendations, products and/or services." However, because there is no foundation to link the filings to JMFA's recommendations, products, or services, Floyd's unexplained belief is also insufficient to survive summary judgment. While there is no dispute that TAPCO has generated non-interest income after the contract was terminated, there is no cognizable evidence indicating that TAPCO earned this income using JMFA's recommendations, products, or services. JMFA cannot survive summary judgment based solely on a "belief" that is uncorroborated by some admissible evidence to support its claim. Therefore, the district court did

3

not err when it determined that there were no triable issues of fact regarding whether TAPCO breached its contract or was unjustly enriched.[1]

**2.** The district court erred in rejecting JMFA's motion for reconsideration as untimely under Local Civil Rule 7(h). *See Alliance of Nonprofits for Ins., Risk Retention Group v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013). However, the error was harmless because the district court reviewed the motions as required by Federal Rule of Civil Procedure 59(e). We "review denials of Rule 59(e) motions for abuse of discretion." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). JMFA did not present new evidence that TAPCO was using its services, products, or recommendations in support of its motion for reconsideration.[2] Rather, it argued that (1) the district court improperly disregarded the affidavits filed in opposition to the motion for summary judgment; (2) the district court erred in not striking TAPCO's declarations in its surreply; and (3) the district court erred in granting summary judgment. The district court denied the motion for reconsideration, finding that JMFA had failed to show

---

[1] In light of our holding, we need not address JMFA's accounting and bad faith claims.

[2] JMFA attached a two-page copy of TAPCO's website to show that TAPCO continued to offer overdraft programs. But JMFA did not submit evidence that any of the information on this website was based on TAPCO using JMFA's services, products, or recommendations.

4

"manifest error" in the summary judgment order. In particular, the district court noted that the fact that TAPCO generated revenue from an overdraft program was not enough, absent evidence of a connection between that income and the alleged continued use of JMFA's overdraft programs. Thus, the district court did not abuse its discretion in denying the motion. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (internal quotation marks omitted)); *see also Zimmerman*, 255 F.3d at 740.[3]

**AFFIRMED.**

---

[3] In light of our holding, we need not address TAPCO's counter claim.

5