**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN VELAZQUEZ,

        Plaintiff-Appellant,

v.

JAMES LOGAN, in his individual
capacity; et al.,

        Defendants-Appellees.

No.   16-15485

D.C. No. 2:14-cv-00941-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and PAEZ, Circuit Judges.

Juan Velazquez ("Velazquez") appeals the district court's order granting

summary judgment to Defendants-Appellees James Logan ("Logan"), Tammy

Hardy ("Hardy"), Michelle McCloskey ("McCloskey"), and Maricopa County and

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

denying Velazquez's cross-motion for summary judgment on his state and federal constitutional claims. We affirm on different grounds.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's "application of the *Rooker-Feldman* doctrine de novo." *Bell v. City of Boise*, 709 F.3d 890, 896 (9th Cir. 2013). We review de novo a district court's grant of summary judgment and affirm only if, viewing the evidence in the light most favorable to Velazquez, the record evidences "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985).

1.       We do not agree with the district court's conclusion that Velazquez's claims were barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* test is a two-step inquiry: first, the plaintiff must engage in a de facto appeal of an "allegedly erroneous decision by a state court," and second, the de facto appeal must be "'inextricably intertwined' with the state court judicial decision." *Bell*, 709 F.3d at 897. The district court erroneously conflated these two separate and distinct steps in its *Rooker-Feldman* analysis.

Where, as here, the plaintiff challenges the defendants' conduct and interpretation of a court order as opposed to the order itself, there is no "forbidden de facto appeal of a state court decision." *Id.* at 897; *see also Morrison v. City of*

2

*New York*, 591 F.3d 109, 113–15 (2d Cir. 2010) (declining to apply *Rooker-Feldman* where case turned on "two competing interpretations" of an ambiguous state court order).  Accordingly, the *Rooker-Feldman* doctrine does not apply and does not bar review of Velazquez's constitutional claims.

**2.**     Defendants are nonetheless entitled to summary judgment because Velazquez has failed to sufficiently demonstrate a violation of his constitutional rights.  "We may affirm a grant of summary judgment on any ground supported by the record, even if not relied upon by the district court."  *U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004).

We first note that Defendants Hardy and McCloskey were subject to suit under 42 U.S.C. § 1983.  "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents."  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation marks omitted).  Viewing the evidence in the light most favorable to Velazquez, the record demonstrates that McCloskey and Hardy reported to Logan and agreed, per his instructions, to withhold the storage locker key from Velazquez.  These facts were sufficient to show that McCloskey and Hardy were "willful participant[s] in joint action" with Logan, who was a state official.  *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Velazquez, however, has failed to show that Defendants' actions violated his federal constitutional rights. The Fourth Amendment guards against *unreasonable* searches and seizures by the *government*. *See United States v. Attson*, 900 F.2d 1427, 1429–30 (9th Cir. 1990). Neither McCloskey or Hardy withheld the storage key with "the intent[] to elicit a benefit for the government in either its investigative or administrative capacities." *Id.* at 1431. Accordingly, their actions do not constitute a violation of the Fourth Amendment. In contrast, although Logan acted with administrative intent, his actions were objectively reasonable. Logan's justifications for withholding the storage key and access code from Velazquez pending court order "match[ed] the degree of intrusion." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005).

Velazquez has similarly failed to show a violation of his Fourteenth Amendment due process rights, either procedural or substantive. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In this case, the state superior court eventually ordered Logan to turn the storage key and access code

4

over to Velazquez's post-conviction counsel, thereby restoring Velazquez's access to the materials inside the locker. We conclude this was an adequate post-deprivation remedy under the Fourteenth Amendment. As to his substantive due process rights, Velazquez has failed to demonstrate that the deprivation in question was "clearly arbitrary and unreasonable." *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991). Defendants' actions do not amount to an abuse of power that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846–49 (1998).

Because the record does not evidence a violation of Velazquez's federal constitutional rights, the district court properly granted Defendants summary judgment. Given this disposition, we need not address the Defendants' remaining arguments.

**AFFIRMED.**