**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND GARCIA, as a member, and on behalf of Clark County Public Employees Association,<br><br>             Plaintiff-Appellee,<br><br> and<br><br>CHERIE MANCINI; FREDERICK GUSTAFSON,<br><br>             Plaintiffs,<br><br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION; et al.,<br><br>             Defendants-Appellants. | No.   19-16863<br><br>D.C. Nos.<br>2:17-cv-01340-APG-NJK<br>2:17-cv-02137-APG-NJK<br>District of Nevada,<br>Las Vegas<br><br>MEMORANDUM* |
| RAYMOND GARCIA, as a member, and on behalf of Clark County Public Employees Association,<br><br>             Plaintiff-Appellant,<br><br> and<br><br>CHERIE MANCINI; FREDERICK | No.   19-16933<br><br>D.C. Nos.<br>2:17-cv-01340-APG-NJK<br>2:17-cv-02137-APG-NJK |

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GUSTAFSON,

        Plaintiffs,

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION; et al.,

        Defendants-Appellees.

---

CHERIE MANCINI,

        Plaintiff-Appellant,

 and

RAYMOND GARCIA, as a member, and
on behalf of Clark County Public Employees
Association; FREDERICK GUSTAFSON,

        Plaintiffs,

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION; et al.,

        Defendants-Appellees.

No.   19-16934

D.C. Nos.
2:17-cv-01340-APG-NJK
2:17-cv-02137-APG-NJK

Appeal from the United States District Court
for the District of Nevada
Andrew Gordon, District Judge, Presiding

Argued and Submitted October 16, 2020
San Francisco, California

2

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,** District Judge.

Defendants the Nevada Service Employees Union (the "Local"), the Service Employees International Union (the "International"), and others (collectively, "the Union") appeal the district court's holding, at the motion to dismiss stage in *Garcia v. SEIU*, that a breach of contract claim was not preempted by 29 U.S.C. § 301. Local member Raymond Garcia and former Local president Cheri Mancini (collectively, the "Union Members") cross-appeal the district court's denial of leave to amend the complaint and motion for reconsideration in the consolidated litigation, and its grant of summary judgment in *Garcia*. The Union Members also appeal two orders stemming from a discovery dispute: an order granting attorney's fees to the Union, and an order denying a motion for reconsideration of that decision. We dismiss in part and affirm in part.[1]

1.      The Union argues that the district court erred in denying its motion to dismiss one of Garcia's breach of contract claims on the ground that it was not preempted by 29 U.S.C. § 301. The district court subsequently remanded this claim to state court for lack of subject jurisdiction. With limited exception for certain civil rights cases, "[a]n order remanding a case to the State court from

---

** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

[1] We address the Union Members' challenge to the district court's exercise of jurisdiction over the *Garcia* claims in a concurrently filed opinion.

which it was removed is not reviewable on appeal or otherwise. . . . " 28 U.S.C. § 1447(d). The breach of contract claim was subject to non-discretionary remand under 28 U.S.C. § 1447(c), and that remand order is not reviewable. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 948–49 (9th Cir. 2004) (explaining that only non-jurisdictional, discretionary orders of remand are reviewable on appeal).[2] We may not review the order of dismissal because doing so "cannot affect the rights of litigants in the case before [us]." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotation omitted). Therefore, the Union's appeal is dismissed.

2.      In the cross-appeal, the Union Members challenge the district court's denial of their motion to amend the complaint to consolidate the two operative complaints and add new allegations and claims, and the district court's denial of a motion for reconsideration as to the proposed amendments to the *Mancini v. SEIU* claims. We review for abuse of discretion, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013), and affirm.

The Union Members offered evidence supporting the allegations in the operative *Mancini* complaint and the new proposed allegations. The district court carefully considered the proffered evidence—much of which was inadmissible— and concluded that amendment would be futile. None of the newly proposed

---

[2]      The Union's request that we take judicial notice of the fact that the state court has stayed proceedings on remand is denied as moot.

4

claims would change the fact that Mancini failed to allege a single claim that survived summary judgment. The district court's findings are supported by the record, and we affirm its denial of the motion to amend and motion for reconsideration.[3]

3.      Contrary to the Union Members' argument, the district court did not impose the wrong standing requirement in granting summary judgment in favor of the Union in *Garcia v. SEIU*. The district court held that Garcia failed to demonstrate traceability because he failed to present evidence that the Union's alleged conduct caused the Local's executive board to vote to request a trusteeship, the imposition of which allegedly injured Garcia. The Union Members argue that Garcia did not need to show that the Union's conduct *caused* the vote that allowed the trusteeship, only that the Union breached the relevant union governing documents to which Garcia (as a union member) is a party. The Union Members conflate their cause(s) of action with Article III standing, the requirements of which all plaintiffs must meet. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93 (1991), and related union cases do not suggest otherwise: "Of course, for petitioner to bring suit, he must have personal standing." *Id.* at 99 n.4. The district court did

_____

[3]     The Union's motion to strike excerpts of the Union Members' supplemental excerpts of the record as well as references to those excerpts in the Union Members' reply brief is denied.

not abuse its discretion in concluding that Garcia lacked personal standing.

4. Finally, the Union Members appeal the district court's imposition of attorney's fees as a sanction for discovery violations and denial of their motion for reconsideration. We review for abuse of discretion. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985). Contrary to the Union Members' argument, the award of fees was not imposed due to the number of documents withheld, but because the Union Members failed to show withholding the documents *at all* was substantially justified. The magistrate judge did not ignore the Union Members' arguments about the relevancy of the contested documents, but in fact discussed and rejected those arguments.

We therefore affirm the district court's denial of amendment to the complaint and grant of summary judgment in favor of the Union, and its award of sanctions for discovery violations.

**DISMISSED IN PART AND AFFIRMED IN PART.**