GOODWIN, Circuit Judge:
The Securities and Exchange Commission sued Walter Wencke, his wife, certain associates, and a number of corporations and charitable trusts which he and his associates controlled, alleging that he was looting the assets of publicly owned companies in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934.
A year before the SEC complaint, Wencke petitioned a Nevada court for a receivership of Sun Fruit, Ltd., one of his publicly owned companies. The state court obliged. Because Nevada does not require a disinterested receiver, Wencke became the receiver.
Sun Fruit, formerly Royal Executive Inns, had been the owner of certain hotels which constituted the major disputed assets. The California Corporation Commissioner appeared in the Nevada litigation, and the SEC also had some limited contact with the Nevada court. The Nevada court found that one of Wencke’s associates, and not Wencke himself, was responsible for Sun Fruit’s difficulties.
When the SEC filed the pending action, Wencke and the other defendants argued that Sun Fruit was an indispensable party to the proceeding and that it could not be served without permission from the Nevada court.
The district court, at the request of the SEC, issued a temporary restraining order and then a preliminary injunction, but these orders applied only to the defendants other than Sun Fruit. The district court appointed a temporary receiver for most of the corporate defendants but declined to do so for Sun Fruit and its subsidiaries because of the Nevada receivership.
Wencke’s associates eventually settled with the SEC and consented to injunctions. The Wenckes and the corporations and trusts remain as defendants.
In order to attack the district court’s jurisdiction and to avoid litigation expenses, Wencke refused to be sworn at a deposition the SEC had scheduled. He remained obdurate during a magistrate’s hearing, pointing out to the court that his action would justify the imposition of sanctions against him. On the magistrate’s recommendation, the district court struck the answers of all defendants and entered default judgments against them.
While Wencke now argues that discovery and other litigation costs, combined with the receiver’s refusal to provide corporate funds for the purpose, forced him to challenge jurisdiction in the manner de- ' scribed, he made the choice knowing the result and intending to rely on the jurisdictional issue. Accordingly, we consider only issues that may be raised on appeal from a default judgment.
After entering the default, the district court issued a permanent injunction which, *622 among other things', enjoined further proceedings in the Nevada receivership and brought Sun Fruit within the federal receivership. The court took these actions because the federal receiver had found that complete control over Wencke’s entities was necessary for the receivership to achieve its purposes.
Because Wencke had willfully refused to obey the district court’s discovery order, the court had the authority to strike his answer. Because Wencke was an officer, director, or managing agent of the other defendants,[1] the court also had the authority to strike their answers. Fed.R. Civ.P. 37(b)(2)(C). For the same reasons, the court had authority to enter default judgments against them. Fed.R.Civ.P. 55; 4A J. Moore, Federal Practice, Iff 37.03 [2.-5], 37.08. The defaults were not an abuse of discretion in these circumstances. Since the defendants had no answers in the record, they were deemed, as the court pointed out, to admit every well-pleaded allegation in the SEC’s complaint. Fed.R.Civ.P. 8(d). We must, therefore, accept the facts as the SEC set them out.
The major issue on this record is whether the district court had jurisdiction over Sun Fruit and, if not, whether Sun Fruit was an indispensable party to this proceeding. Unless the Nevada receivership altered the situation, service on Wencke as an officer was sufficient to bring Sun Fruit within the district court’s jurisdiction. Under the facts as we must accept them, the Nevada receivership of Sun Fruit was simply a continuation of Wencke’s fraud.
Rather than a genuine attempt to preserve the property for the corporation’s shareholders and creditors, the state receivership was a protective cloak for Wencke to throw over his continued looting. Wencke thus has unclean hands and may not resort to the Nevada receivership in a court of equity to insulate his fraud. Wencke was personally served when he was both an officer and the Nevada receiver of Sun Fruit. Under the admitted facts he must accept that service as sufficient. He and the other defendants are therefore precluded from denying the district court’s jurisdiction over Sun Fruit.
Sun Fruit itself is not a party to this appeal. It did not appear in the district court and is free to launch a collateral attack upon the judgment against it, if it deems that course prudent. Sun Fruit’s future course would not affect the parties who are before us. The Nevada receivership ended after the district court entered its final judgment, and the district court’s receiver now has control of Sun Fruit. The new receiver is unlikely to attack the district court’s jurisdiction, and Wencke is barred by unclean hands from asserting that Sun Fruit was not before the court. With the termination of the Nevada receivership there is no longer any obstacle to the district court’s jurisdiction. Even assuming that Sun Fruit is an indispensable party, it was, for the purposes of this appeal, properly before the court below.
Most of Wencke’s other issues are frivolous. The appellants seem to argue that the appearance by the California Corporation Commissioner in the Nevada proceeding somehow bound the SEC. This argument is nonsense.
The SEC is not in privity with the California Corporation Commissioner, and, while both may assert the public interest, each enforces different statutes enacted by different sovereigns. While the Nevada court and the federal courts might have concurrent jurisdiction of claims under the Securities Act of 1933, no one made such a claim in the Nevada proceeding.
Most of the SEC’s claims in the current case are under the Securities Exchange Act of 1934, where federal jurisdiction is exclusive. The SEC did not appear in the Nevada case; at most, it notified the Nevada court of the district court’s action and asked it to comply with the district court’s injunc *623 tion against further state proceedings. There are thus no grounds for asserting collateral estoppel against the SEC.
The district court had jurisdiction to enjoin the Nevada state court. Title 28 U.S.C. § 2283, which prohibits federal injunctions of state court action in most circumstances, does not apply to injunctions issued at the request of the United States. Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). This exception to the statute applies also when an administrative agency is enforcing applicable federal law. NLRB v. Nash-Finch Co., 404 U.S. 138, 92 S.Ct. 373, 30 L.Ed.2d 328 (1971). “The purpose of § 2283 was to avoid unseemly conflict between the state and the federal courts where the litigants were private persons, not to hamstring the Federal Government and its agencies in the use of federal courts to protect federal rights.” 404 U.S. at 146, 92 S.Ct. at 378. Wencke’s citation of Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) is inapposite; there was no federal involvement in that case.
Similarly, the appointment of a federal receiver was not barred by the state receivership. Under the admitted facts, the Nevada receivership was simply a device to cover Wencke’s fraud. Thus a federal receiver was necessary to prevent further violations of federal securities laws and to protect the public investors. The Seventh Circuit upheld the appointment of a federal receiver in a somewhat similar situation. Tcherepnin v. Kirby, 416 F.2d 594 (7th Cir. 1969). The district court here acted within its discretion.
The appellants object to the district court’s preliminary injunction and to its actions concerning bankruptcy court proceedings for two of the defendant corporations. When the court learned that Familia 4, Inc., was in bankruptcy, the court transferred its assets from the federal receiver to the bankruptcy trustee, with a provision allowing the receiver to continue his investigation of its affairs.
When the court learned that Time-Lenders, Inc., contemplated bankruptcy, it issued a temporary restraining order to preserve its assets for the federal receiver. We think that the court acted properly in relating this case to the bankruptcy proceedings. Because of the significance of Time-Lenders in the entire constellation of Wencke entities, it was important to preserve it intact for the receivership. The attacks on the preliminary injunction and the temporary restraining order do not go to the court’s jurisdiction and therefore are not properly before us in an appeal from a default judgment.
The appellants raise many other issues. One is that the permanent injunction grants relief beyond that requested in the complaint, in violation of Fed.R.Civ.P. 54(c). The court included Santa Fe Financial in the receivership and Meta-Financial and Investment Items in its injunction although the SEC’s complaint did not request these particular inclusions. The court acted in part because the receiver thought these steps to be necessary, but in doing so the court inadvertently overstepped its jurisdiction in a default judgment. We must remand for an appropriate modification.
In remanding, we note that Meta-Financial and Investment Items are wholly owned subsidiaries of Time-Lenders and that the court and the receiver could probably control their action through their control of Time-Lenders. Moreover, the SEC can file a supplemental complaint covering these companies and is free to seek temporary relief pending an adjudication on the merits. Aside from these minor problems, we find no error in the district court’s actions before us on this appeal.
Affirmed in part, and remanded for modification of the decree to conform to the complaint.

. Defendant Cathryn Wencke is the exception to this statement. From her secondary role throughout this litigation, it is clear that Walter Wencke acted for her in refusing to be sworn and that the court therefore properly struck her answer.