66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl F. DIENSTBERGER, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 94-4336.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: CONTIE, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Carl F. Dienstberger, a pro se Ohio resident, appeals a district court judgment dismissing his civil complaint filed pursuant to the Automobile Dealers Day in Court Act, 15 U.S.C. Sec. 1221 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Dienstberger, as a sole shareholder of C.D. Oldsmobile, Inc. (C.D. Olds), sued General Motors Corporation (GM) contending that GM improperly terminated its franchise agreement with C.D. Olds. GM moved for summary judgment which Dienstberger opposed. The district court granted summary judgment for GM finding that Dienstberger lacked standing to sue GM and that the complaint was barred by the applicable statute of limitations. In his timely appeal, Dienstberger continues to argue the merits of his complaint.
 
 
 3
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 It is undisputed that Dienstberger sued GM in his sole capacity as a shareholder of C.D. Olds. As GM cancelled its franchise agreement with C.D. Olds, Dienstberger, as a shareholder, lacks standing to challenge GM's action. Only the corporate entity, C.D. Olds, could sue GM for the cancellation. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602-03 (6th Cir.1988). Thus, Dienstberger lacks standing to sue GM.
 
 
 5
 The suit is also barred by the applicable statute of limitations. Under 15 U.S.C. Sec. 1223, any action filed pursuant to the Act must be brought within three years after the cause of action accrued. See Marquis v. Chrysler Corp., 577 F.2d 624, 629 (9th Cir.1978). As Dienstberger's lawsuit was brought more than three years after the franchise agreement had been terminated by GM, the action is barred by the applicable statute of limitations.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.