1 
 THE HONORABLE RICHARD A. JONES 
2 
3 
4 
5 
6 
7 
 UNITED STATES DISTRICT COURT 
8 WESTERN DISTRICT OF WASHINGTON 
 AT SEATTLE 
9 
10 DAVID DAVIDOW and SHERYL 
 DE MERS, domestic partners, 
11 CASE NO. 2:22-cv-01594-RAJ 
12 Plaintiffs, 

13 v. ORDER 
14 ZALNATRAV, INC., a Washington 
 corporation; RAVENARK, a 
15 Washington sole proprietorship; 
 TRAVIS BRANDT and JANE DOE, 
16 
 spouses, and the marital community 
17 composed thereof, 
18 Defendants. 
19 

20 
 This matter comes before the Court on Plaintiffs’ Motion to Compel Answers to 
21 
 Interrogatories, Production of Documents, and Answers to Deposition Questions from 
22 
 Defendants (Dkt. # 111), Plaintiffs’ Motion for Protective Order Re Defendant Brandt’s 
23 
 Interrogatory No. 1 to Plaintiffs and Defendant Brandt’s Second Interrogatory to 
24 
 Plaintiffs (Dkt. # 114) and Defendant and Counter Plaintiff Brandt’s First Motion to 
25 
 Compel Discovery and Production by Plaintiffs and Motion to Compel Rule 37 Sanctions 
26 
 (Dkt. # 117). Defendant Brandt opposes Plaintiffs’ Motion to Compel (Dkt. # 113) and 
27 
1 Plaintiffs oppose Defendant Brandt’s Motion to Compel (Dkt. # 121). For the following 
2 reasons, the Court GRANTS Plaintiffs’ Motion to Compel, DENIES Defendant Brandt’s 
3 Motion to Compel, and DENIES as moot Plaintiff’s Motion for a Protective Order. 
4 I. BACKGROUND 
5 This Court has set forth the factual background of this case in several prior orders 
6 and will provide the factual background relevant to the parties’ instant discovery 
7 disputes. Plaintiffs propounded their first set of written discovery on Defendant on 
8 February 23, 2023. Dkt. # 112 ¶ 4 (Declaration of Jesse Miles ISO Plaintiffs’ Motion to 
9 Compel). On March 27, 2023 Defendant provided his responses to Plaintiffs. Id. ¶ 8-9, 
10 Ex. A (Defendant’s responses to Plaintiffs’ first set of discovery requests). On February 
11 22, 2023 Defendant propounded his first set of Interrogatories and Requests for 
12 Production (RFPs) on Plaintiffs. Plaintiffs provided responses on March 24, 2023. Dkt. # 
13 115, Ex. C. February 27, 2023, Defendant propounded his second set of written discovery 
14 requests. Dkt. # 118 at 1 (Declaration of Travis Brandt ISO Defendant’s Motion to 
15 Compel). Plaintiffs noted a deposition of Defendant Brandt for March 2023, who 
16 requested that he be deposed virtually to accommodate his employment out of state. Dkt. 
17 # 112 ¶ 4, 5. Plaintiffs agreed to conduct the deposition virtually; however, a few days 
18 before the deposition, Defendant cancelled and filed numerous motions with the Court 
19 seeking to pause discovery and dismiss the case. Dkt. # 112 ¶ 6; Dkt. ## 77, 79, 83, 85. 
20 Plaintiffs moved compel to Defendant’s deposition, and this Court granted Plaintiffs’ 
21 request in June 2023. Dkt. # 102. Defendant appeared virtually for his deposition on June 
22 30 and July 6, 2023. Id. ¶ 10-11, Ex. B (Transcript of Deposition of Defendant Brandt). 
23 On numerous occasions during the deposition, Defendant lodged various objections, 
24 refused to answer questions, and repeatedly threatened to end the deposition. Id. The 
25 parties conferred during deposition breaks and at a later meet and confer conference on 
26 July 10, 2023. Dkt. #112 ¶ 12, 14; Dkt. # 118 at 2. However, the parties were unable to 
27 resolve their outstanding issues. Plaintiffs now seek to compel Defendant’s responses to 
1 Interrogatory Nos. 1-4, 6-8, 10, and 17, RFP Nos. 1-12 and 14-18, and full answers to 
2 several deposition questions. Dkt. # 111 at 5-11. Defendant moves for an order 
3 compelling Plaintiffs to respond to Defendant’s Interrogatories and RFPs and for 
4 sanctions. Dkt. # 117. Additionally, Plaintiffs seek a protective order stating that 
5 Plaintiffs shall not have to further respond to Defendant’s Interrogatories, and specifically 
6 shall not be required to disclose their financial information to support their solvency in 
7 this matter. Dkt. ## 114; 114-1. 
8 
9 II. LEGAL STANDARD 
10 The Court has broad discretion to control discovery. Hallett v. Morgan, 296 F.3d 
11 732, 751 (9th Cir. 2002); see also Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 
12 833 (9th Cir. 2011), In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988). That 
13 discretion is guided by several principles. Most importantly, the scope of discovery is 
14 broad. A party must respond to any discovery request that is not privileged and that is 
15 “relevant to any party’s claim or defense and proportional to the needs of the case, 
16 considering the importance of the issues at stake in the action, the amount in controversy, 
17 the parties’ relative access to relevant information, the parties’ resources, the importance 
18 of the discovery in resolving the issues, and whether the burden or expense of the 
19 proposed discovery outweighs its likely benefit.” Fed. R. Civ. P. 26(b)(1). Relevant 
20 information is that which is “reasonably calculated to lead to the discovery of admissible 
21 evidence.” Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). 
22 If a party refuses to respond to discovery, the requesting party “may move for an 
23 order compelling disclosure or discovery.” Fed. R. Civ. P. 37(a)(1). An “evasive or 
24 incomplete disclosure, answer, or response must be treated as a failure to disclose, 
25 answer, or respond.” Fed. R. Civ. P. 37(a)(4). “The party who resists discovery has the 
26 burden to show that discovery should not be allowed, and has the burden of clarifying, 
27 
1 explaining, and supporting its objections.” Cable & Computer Tech., Inc. v. Lockheed 
2 Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997). 
3 III. DISCUSSION 
4 a.) Plaintiffs’ Motion to Compel (Dkt. # 111) 
5 Plaintiffs seek to compel full responses to several Interrogatories from Defendant. 
6 Dkt. # 111 at 5-6. Defendant provided incomplete answers to many Interrogatories (Nos. 
7 1, 2, 4, 10) and failed to provide any response to others (Nos. 3, 6, 7, 8, 17). Dkt. # 112, 
8 Ex. A. Instead, Defendant lodged several seemingly groundless objections. For example, 
9 in response to Interrogatory No. 6, which asks Defendant to identify where he purchased 
10 the Suzuki engines used for the Vessel, Defendant objected on the basis of “trade 
11 secrets,” stated that “outboards and supplies can be sourced from many sources,” argued 
12 that the engines referred to in the Interrogatory could be referring to the engine of another 
13 boat, and asserted that the question is “out of scope” and “irrelevant.” Id. at 8. In response 
14 to Interrogatory No. 8, which seeks an itemized list and specific accounting of items, 
15 services, parts, equipment, tools, and engines purchased with funds provided by 
16 Plaintiffs, Defendant objects that the question is “unconscionable,” the answer is 
17 “irrelevant,” and Plaintiff Davidow is not entitled to see an accounting of transactions 
18 because Davidow only seeks to “call into question various expenses…that he does not 
19 agree with…” Id. at 9. 
20 In response to Plaintiffs’ RFPs, Defendant provided no documents. Dkt. # 112, Ex. 
21 A at 24-30. Indeed, Defendant simply states “None,” or “None produced,” in response to 
22 requests for documents related to Zalnatrav, Inc. and Mr. Brandt’s tax returns. Id. 
23 Additionally, Defendant lodged several objections against many RFPs, including 
24 objections on the basis of relevance, trade secrets, and unconscionability. Id. 
25 Finally, Plaintiffs detail numerous instances where Defendant refused to answer or 
26 gave vague answers to various questions posed to him at his deposition, and seek to have 
27 Defendant Brandt appear for a further deposition not to exceed four hours in length. Dkt. 
1 # 111 at 10-11; Dkt. # 111-1 (Plaintiffs’ Proposed Order). A review of Defendant’s 
2 deposition transcript reveals numerous instances where Defendant refused to answer even 
3 the most basic of questions, such as who drafted the contract signed by the parties, Dkt. # 
4 112, Ex. B (Brandt Depo. at 25:2-28:5; 201:2-25), whether Defendant Brandt registered 
5 Ravenark as a trademark or brand with the United States government (Brandt Depo. at 
6 23:7-24:5), and from whom Defendant purchased windows and seats to be used in the 
7 Vessel (Brandt Depo. at 166:14-18; 167:3-6; 168:25-169:2; 170:13-18). Instead, Plaintiff 
8 responded with various objections such as, “calls for speculation,” “ambiguous,” 
9 “compounded,” “asked and answered,” “misstates testimony,” “irrelevant,” “form,” and 
10 “privilege.” See generally Brandt Depo. Critically, in most instances when Defendant 
11 objected to Plaintiffs’ counsel’s questioning, Defendant also ultimately did not provide an 
12 answer to the pending question. Id. 
13 Defendant opposes Plaintiffs’ motion and argues that the parties’ contract 
14 precludes the production of most discovery sought by Plaintiffs, because “the Agreement 
15 is the complete and entire Agreement and supersedes all prior or contemporaneous 
16 discussions, negotiations and agreements between the parties…” Dkt. # 113 at 3. 
17 Defendant argues that the parties’ contract constitutes the entire agreement between 
18 himself and Plaintiffs; therefore, he is under no obligation to provide requested 
19 documents or answer Interrogatories or deposition questions that Defendant does not find 
20 relevant to the parties’ performance under the contract. Id. The Court finds Defendant’s 
21 responses to Plaintiffs’ Interrogatories, RFPs, and deposition questions deficient and his 
22 arguments opposing Plaintiffs’ motion to compel are unavailing. 
23 The information sought by Plaintiffs in their Interrogatories and RFPs is relevant 
24 to Plaintiffs claims, which concern the fabrication of the Vessel and Defendant’s use of 
25 funds provided by Plaintiffs in order to complete the parties’ contract, and Defendant’s 
26 counterclaims and allegations of fraud. In just one example, Plaintiffs Interrogatory No. 4 
27 seeks the identifying information of Defendant’s prior customers for his boat 
1 manufacturing business in the past ten years.1 To prevail on a CPA claim, Plaintiffs must 
2 show: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) 
3 affecting the public interest, (4) injury to business or property, and (5) causation. Panang 
4 v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37 (2009). In a private action such as this, 
5 “plaintiff[s] can establish that the lawsuit would serve the public interest by showing a 
6 likelihood that other plaintiffs have been or will be injured in the same fashion.” Trujillo 
7 v. Nw. Tr. Serv., Inc., 183 Wn.2d 820, 837 (2015). Consequently, the information sought 
8 in Plaintiffs’ Interrogatory No. 4 is relevant to their CPA claim. Similarly, Plaintiffs’ RFP 
9 No. 1, which seeks the financial documents of Zalnatrav and to which Defendant 
10 provided no response, is indisputably relevant to their claims for breach of contract, 
11 fraud, conversion, RICO, and CPA violations. Dkt. # 1 ¶ 86-119. 
12 Further, Defendant has not shown that certain information sought, such as where 
13 Defendant purchased the engines used in the Vessel, constitute trade secrets (especially 
14 because neither party alleges that trade secrets were misappropriated) or are somehow 
15 otherwise privileged. Neither can Defendant argue that the parties’ contract concerning 
16 the Vessel somehow releases him from his obligation to provide complete responses to 
17 discovery requests. Defendant has remained steadfast in his position that, “[t]he mutually 
18 signed Contract is the ruling authority in this Case.” However, “a party is entitled to seek 
19 discovery on its theory of the facts and the law, and is not limited in discovery by the 
20 opponent’s theory.” Big City Dynasty v. F.P. Holdings, L.P., 336 F.R.D. 507, 511 (D. 
21 Nev. 2020) (quoting 8 Wright, Miller, & Marcus, FEDERAL PRACTICE AND 
22 PROCEDURE, § 2011 at 274 (2010)). As such, this Court finds “good reason to eschew 
23 resolution of merits-based challenges presented in the guise of a relevance objection,” 
24 such as here. Id. 
25 
26 
 1 Defendant objected that this request is “irrelevant,” and “overly broad.” Dkt. # 112, Ex. 
27 A at 3. 
1 With regard to Plaintiffs’ request for further deposition time, this Court finds that 
2 Defendant improperly refused to answer Plaintiffs’ deposition questions at his June 30 
3 and July 6, 2023 deposition. Rule 30 provides that objections may be made as to any 
4 aspect of the deposition and noted on the record; however, “the examination still 
5 proceeds; the testimony is taken subject to any objection.” Fed. R. Civ. P. 32(c)(2). “A 
6 person may instruct a deponent not to answer only when necessary to preserve a 
7 privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 
8 30(d)(3).” Id. Defendant does not argue that any of these exceptions apply here. 
9 Accordingly, Plaintiffs’ motion to compel is GRANTED. Defendant must 
10 respond to the outstanding discovery requests detailed within Plaintiff’s motion to 
11 compel (Dkt. # 111) within seven (7) days of the date of this order. Further, Plaintiffs are 
12 granted leave to conduct a further deposition of the Defendant for up to two (2) hours. 
13 b.) Defendant’s Motion to Compel (Dkt. # 117) 
14 Defendant seeks to compel the production of discovery by Plaintiffs and sanctions 
15 under Rule 37. Dkt. # 117. Defendant seeks information regarding what actions Plaintiffs 
16 took to make funds available to make payments towards the Vessel and its expenses 
17 (such as selling property or stock) and supporting documentation. Dkt. # 118 (Brandt 
18 Declaration ISO Motion to Compel), Ex. A. Defendant’s RFP No. 5 seeks statements of 
19 all of Plaintiffs’ individual and joint bank accounts, investment accounts, insurance 
20 policies, retirement accounts, pensions, credit cards, loans, lines of credit, and all other 
21 financial accounts from October 2021 through March 2023. Id. RFP Nos. 7 and 8 seek 
22 documentation of Plaintiffs’ purchase of any vehicles from January 2021 to January 2023 
23 and documentation of veterinary work obtained by Plaintiffs from December 9, 2021 to 
24 January 1, 2023. Id. Plaintiffs objected to each Interrogatory and RFP on the basis that 
25 Defendant’s requests were overbroad, vague, ambiguous, and not relevant to Plaintiffs’ 
26 claims or Defendant’s defenses or counterclaims. Id. 
27 
1 Defendant argues that Davidow “represented to [Defendant] that he did not have 
2 the funds on hand to get through the project but instead was buying other large ticket 
3 items, or would need to restructure the payments in the upcoming months, or had sick 
4 pets, or was waiting for funds from his home projects…” Dkt. # 118 at 3. According to 
5 Defendant, Davidow misrepresented his ability to make future payments towards the 
6 Vessel and instead spent money on animals and a new vehicle. This allegation appears to 
7 underpin Defendant’s counterclaims for fraud and breach of contract. See Dkt. # 30. 
8 Plaintiffs argue that they have provided Defendant with an adequate response to 
9 Defendant’s Interrogatory No. 1, which asks Plaintiffs to identify with particularity all 
10 information and documentation supporting the allegations in Plaintiffs’ complaint, and 
11 RFP No. 1, which requests the items identified in Interrogatory No. 1. Dkt. # 115, Ex. C. 
12 According to Plaintiffs, they provided Defendant with all text and email exchanges 
13 between Davidow and Brandt concerning the Vessel on July 6, 2023, and have provided 
14 Defendant with expert reports, declarations, and exhibits in support of their claims. 
15 Plaintiffs argue that it is undisputed that Plaintiffs have paid in full for the Vessel and that 
16 documentation of Plaintiffs’ home sales, vet bills, and personal accounts are not relevant 
17 to any party’s claims or counterclaims. Further, Plaintiffs argue, they should not be 
18 required to produce evidence to substantiate Defendant’s unsupported theories of fraud. 
19 Dkt. # 121 at 5. 
20 Based on Plaintiffs’ counsel’s attestation that they have provided the above-
21 mentioned documentation to Defendant, this Court sustains Plaintiffs’ objection. 
22 Although the Court construes relevancy “broadly to encompass any matter that bears on, 
23 or that reasonably could lead to other matter that could bear on, any issue that sis or may 
24 be in the case,” discovery must have “ultimate and necessary boundaries.” Oppenheimer 
25 Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). It is indeed undisputed that Defendant 
26 represented to Plaintiffs that the purchase price of the Vessel was “paid in full” in May 
27 2022. Dkt. # 113 at 4. How Plaintiffs obtained the money paid to Defendant for the 
1 Vessel and whether Plaintiffs spent funds on a vehicle or veterinary bills are not relevant 
2 to any party’s claims, counterclaims, or affirmative defenses. If this Court were to require 
3 the disclosure of the entirety of their financial records, the burden placed on Plaintiffs 
4 would surely outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1). 
5 Additionally, Defendant is not entitled to sanctions. The Federal Rules of Civil 
6 Procedure provide for sanctions where a party “fails to obey an order to provide or permit 
7 discovery[.]” Fed. R. Civ. P. 37(b)(2). This Court has not issued a prior order requiring 
8 Plaintiffs to permit or provide certain discovery. Therefore, Defendant’s motion to 
9 compel and for Rule 37 sanctions is DENIED. 
10 c.) Plaintiff’s Motion for Protective Order (Dkt. # 114) 
11 Plaintiffs seek a protective order regarding Defendant’s Interrogatory No. 1 and 
12 Defendant’s second set of Interrogatories. Dkt. # 114. Plaintiffs argue that they have fully 
13 responded to Interrogatory No. 1, and Defendant’s second set of Interrogatories that seek 
14 Plaintiffs’ financial documents, bank records, and other similar documentation, are 
15 irrelevant, oppressive, and unduly burdensome. Id. at 4. However, because this Court has 
16 denied Defendant’s motion to compel and for sanctions as to Defendant’s second set of 
17 interrogatories, Plaintiffs’ motion for a protective order is DENIED as moot. 
18 d.) Requests for Fees (Dkt. # 111) 
19 Plaintiffs seek fees of $3,712 incurred in relation to the filing of their motion to 
20 compel. Dkt. # 112 ¶ 16. Defendant concedes that he is not entitled to attorney’s fees 
21 because he is proceeding pro se. Dkt. # 117 at 6. However, he seeks “a reasonable $5,000 
22 for the many hours spent preparing” his motion to compel. Id. 
23 “If the motion [to compel] is granted… the court must, after giving an opportunity 
24 to be heard, require the party or deponent whose conduct necessitated the motion… to 
25 pay the movant’s reasonable expenses incurred in making the motion…” Fed. R. Civ. P. 
26 37(a)(5)(A). However, the Court must not order payment if the movant filed the motion 
27 before attempting in good faith to obtain the discovery without court action, the opposing 
1 party’s nondisclosure, response, or objection was substantially justified, or if 
2 “circumstances make an award of expenses unjust.” Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). 
3 Whether to award fees is within the trial court’s discretion. Marquis v. Chrysler Corp., 
4 577 F.2d 624, 641-42 (9th Cir. 1978) (“When a party’s conduct during discovery 
5 necessitates its opponent’s bringing motions which otherwise would have been 
6 unnecessary, the court may properly order it to pay the moving party’s expenses…”). 
7 Having taken the Federal Rules into consideration, the Court finds an award of fees to 
8 Plaintiffs to be appropriate. 
9 Defendant Brandt’s refusal to participate meaningfully in the discovery process by 
10 cancelling his deposition at the last minute, making numerous baseless objections and 
11 refusing to answer basic questions during his deposition, and failing to produce a single 
12 document in response to Plaintiffs’ RFPs has led to vigorous discovery-related motions 
13 practice and multiple hearings. Defendant’s actions required Plaintiff to seek an order 
14 compelling him to appear—even after agreeing to conduct the deposition virtually and 
15 accommodate Defendant’s work schedule and time zone. The Court, therefore, awards to 
16 Plaintiffs fees in the amount of $3,712. 
17 IV. CONCLUSION 
18 For the foregoing reasons, the Court GRANTS Plaintiffs’ motion to compel (Dkt. 
19 # 111) and Plaintiff’s motion for a protective order (Dkt. # 114) is DENIED as moot. 
20 Defendant is ordered to respond fully to Plaintiffs’ Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, 
21 10, and 17 and RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18 within 
22 seven (7) days of the date of this Order. 
23 Further, Defendant is ordered to appear for a deposition to answer fully the topics 
24 listed on page 11 of Plaintiffs’ motion to compel (Dkt. # 111). Plaintiffs may only ask 
25 questions that Defendant refused to answer in Defendant’s prior deposition as detailed in 
26 Plaintiffs’ motion to compel. This deposition shall not exceed two (2) hours. Finding 
27 
1 good cause, Plaintiffs are granted leave to conduct this deposition by October 31, 2023, 
2 and Defendant shall make himself available prior to this deadline. 
3 Defendant’s motion to compel and for sanctions (Dkt. # 117) is DENIED. 
4 Plaintiffs’ request for fees is GRANTED in the amount of $3,712. Defendant 
5 Brandt shall pay this sum within thirty (30) days of the date of this Order. 
6 This Court expects Defendant to fully comply with Rule 30(c)(2), his discovery 
7 obligations, and all other applicable rules. Fed. R. Civ. P. 30(c)(2). If Defendant refuses 
8 to answer questions during the second deposition, except where necessary to preserve a 
9 privilege2, he will be sanctioned for violation of this Court’s order and Rule 30(c)(2). 
10 
11 Dated this 13th day of October, 2023. 
12 
 A 
13 

14 
 The Honorable Richard A. Jones 
15 
 United States District Judge 
16 

17 

18 

19 

20 

21 

22 
23 
24 
25 

26 2 This Court is not aware of any privilege that Defendant could assert, and defendant has 
 not identified any. Accordingly, this Court expects that Defendant will answer every question 
27 fully.